**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JULIE BROWN, as Personal Representative of THE ESTATE OF MARCIA K. CONKRIGHT,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) **CAUSE NO. 1:06-cv-872-WTL-DFH** ) |
| **ENTERPRISE LEASING COMPANY OF CHICAGO, d/b/a ENTERPRISE LEASING CO., et al.,** | ) ) ) ) |
| **Defendants.** | ) |

### ENTRY REGARDING CHOICE OF LAW

The parties have briefed the issue of whether Indiana or Illinois law should be applied in this case and the Court, being duly advised, determines that Illinois law applies for the reasons set forth below.

This wrongful death action arises out of an automobile accident that occurred on Interstate 74 in Tazewell County, Illinois. Marcia Conkright suffered fatal injuries when the vehicle in which she was a passenger was struck by a truck driven by Steven Rebholz. Plaintiff Julie Brown, who is the personal representative of Conkright's estate, alleges that the accident was caused by Rebholz's negligence. The truck driven by Rebholz was owned by Defendant Enterprise Leasing Company of Chicago and was leased to Rebholz's employer, Defendant Muzak, LLC. Rebholz was acting within the scope of his employment at the time of the accident.

Because subject matter jurisdiction in this case is based on diversity, this court must apply Indiana's choice of law rules to determine which state's substantive law applies. *Sound of*

*Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 915 (7th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)).  Under Indiana choice-of-law analysis, the threshold question is  whether the differences between the laws of the states at issue are "important enough to affect the outcome of the litigation."  *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004).  The parties agree that an actual conflict of law exists in this case, inasmuch as, *inter alia*, Indiana law imposes a statutory cap on damages in cases such as this, while Illinois does not.  Thus, it is necessary to determine which state's law to apply.

In tort cases, Indiana applies the modified lex loci delicti rule established in *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987).   Pursuant to *Hubbard* and its progeny, "[t]he presumption is that the traditional lex loci delicti rule-the place of the wrong-will apply.  Under this rule, the trial court applies the substantive law of  the state where the last event necessary to make an actor liable for the alleged wrong takes place."  *Simon*, 805 N.E.2d at 805 (citations and internal quotation marks omitted).  This presumption is not conclusive, however, and may be overcome in "rare" cases in which "the place of the tort bears little connection" to the legal action.  *Id.*

This is not one of those rare cases.  Rather, because the drivers' "conduct in operating their motor vehicles prior to the collision will be the focus of attention to determine liability [and t]his conduct was governed by the rules of the road of the state" in which the accident occurred, the place of the tort in a case arising out of a motor vehicle accident  "has extensive connection with the legal action."  *Tompkins v. Isbell*, 534 N.E.2d 680, 682 (Ind. App. 1989); *accord*, *Cox v. Nichols*, 690 N.E.2d 750, 752 (Ind. App. 1998); *cf. Simon v. U.S.*, 805 N.E.2d 798, 806 (Ind. 2004) (in  case involving plane crash, noting that "*unlike in cases involving an automobile accident*, the laws of the state where the crash occurred did not govern the conduct of the parties

at the time of the accident" and the alleged negligence occurred in other states, and therefore the place of the tort was insignificant).[1]  Indeed, in their answer the Defendants allege that the accident was caused by Rebholz's "obstructed view of the highway, and the failure to maintain warning signs of slowing or stopped traffic and of an upcoming construction zone," all of which directly implicates the specific place where the accident occurred.   Therefore, Illinois does not have an insignificant connection to this case, and the substantive law of Illinois applies to this case.

      SO ORDERED:  04/18/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Lawrence M. Hansen
HANSEN LAW FIRM LLC
lhansen@hansenlawllc.com

Linda Turner Jelks
HANSEN LAW FIRM, LLC
ljelks@hansenlawllc.com

Mitchell M. Pote
LAW OFFICE OF MITCHELL M. POTE
bluehen75ud@yahoo.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN & SIMMONS
msimmons@humesmith.com

Audrey Louise Smith
HUME SMITH GEDDES GREEN & SIMMONS
asmith@humesmith.com

---

[1]The Defendants also cite to two Seventh Circuit cases, *Watts v. Pioneer Corn Co.*, 342 F.2d 617 (7th Cir. 1965), and *Gianni v. Ft. Wayne Air Serv.*, 342 F.2d 621 (7th Cir. 1965),  in support of their argument that "[m]any motor vehicle collisions and airplane crashes bear only a slight connection with the place of the accident."  Inasmuch as those cases were decided long before Indiana adopted the modified lex loci delecti rule and apply a different rule altogether, they are irrelevant to the analysis in this case.  The third case cited to by the Defendants regarding this issue, *In re Estate of Bruck*, 632 N.E.2d 745, 747 (Ind. App. 1994), did apply the relevant rule; however, that case involved the issue of which state's law applied to the distribution of the proceeds from a wrongful death settlement; liability for the underlying accident was not at issue in the case.